IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| J. PHILIP HELTON, ) | |
|     Plaintiff/Counterclaim-Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| J. PHILIP HELTON REAL ESTATE AND ) | |
| DEVELOPMENT, INC., ) | CIVIL ACTION NO. 10-00563-KD-N |
|     Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| VISION BANK, ) | |
|     Defendant/Counterclaim-Plaintiff. ) | |

**AMENDED ORDER**

This matter is before the Court on the Defendant/Counterclaim-Plaintiff Vision Bank's Motion for Partial Summary Judgment as to Count One of its Counterclaim (Doc. 19), Plaintiff/Counterclaim-Defendant J. Philip Helton's Response thereto (Doc. 21), and Vision Bank's Reply (Doc. 26). Upon consideration, and for the reasons set forth herein, Vision Bank's motion for partial summary judgment is due to be **GRANTED**.

**I.    Procedural History**

On September 13, 2010, Plaintiffs J. Philip Helton ("Helton") and J. Philip Helton Real Estate and Development, Inc. filed a complaint in the Circuit Court of Baldwin County, Alabama, against Defendant Vision Bank, demanding among other things a declaration pursuant to Alabama's Declaratory Judgment Act, Alabama Code §§ 6-6-220 to -232, that a promissory note executed by Helton in favor of Vision Bank was unenforceable. (Doc. 1-2 at 5-6). Plaintiffs served their complaint on September 16, 2010, and Vision Bank timely removed the case to this Court on

1

October 14, 2010. (Doc. 1).[1]

On October 21, 2010, Vision Bank filed its answer and simultaneously asserted a counterclaim against Helton for breach of contract (Count One). (Doc. 5). Vision Bank filed its Motion for Partial Summary Judgment on its counterclaim on July 15, 2011. (Doc. 19). Helton's response (Doc. 21) and Vision Bank's reply (Doc. 26) have been timely filed, and the motion is now ripe for consideration.

## II.   Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56(c) governs procedures and provides as follows:

>    **(1)** *Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>    **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
>    **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
>    **(2)** *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
>    **(3)** *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.
>
>    **(4)** *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be

---

[1] On August 11, 2011, per the parties' joint stipulation, Plaintiffs' declaratory judgment claim against Vision Bank was dismissed without prejudice. (Docs. 22, 24).

2

> admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(c).

Vision Bank, as the party seeking summary judgment, bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). If the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. Celotex, 477 U.S. at 323. In reviewing whether the non-moving party has met its burden, the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter. Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in its favor. Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998-99 (11th Cir. 1992) (internal citations and quotations omitted), cert. denied, 507 U.S. 911 (1993).

### III.    Factual Background

In November 2004, Vision Bank made two loans to PK Management, LLC ("PK"), a limited liability company in which Helton was a partner. (Doc. 1-2 at 3, ¶ 4; Doc. 21-2 at 3, ¶ 3). In connection with the loans, Helton and other individuals associated with PK executed personal guaranties. (Doc. 1-2 at 4, ¶ 5). PK subsequently defaulted on its obligations, and Vision Bank foreclosed on property that secured the loans. (Id., ¶ 6). The foreclosure proceeds were insufficient to satisfy PK's debt, and Vision Bank sought to collect the balance from Helton and the other guarantors. (Id., ¶ 7). Helton professed an inability to pay the amount that Vision Bank sought from

him. (Doc. 21-2 at 3, ¶¶ 7-8). On March 20, 2008, in lieu of filing suit against Helton, Vision Bank permitted Helton to execute a Promissory Note in the principal amount of $436,000 in its favor. (Id., ¶ 8). The Promissory Note provides that it is governed by the laws of the State of Alabama, that failure to make payments of principal and interest within 10 days of when they become due is an occurrence of default, and that Vision Bank is entitled to costs and "reasonable actual attorneys' fees" incurred in collecting or attempting to collect on the Note. (Doc. 19-2 at 3-5, ¶¶ 4, 6 & 8). Vision Bank claims, and Helton does not refute, that Helton has failed to make certain scheduled payments pursuant to the Promissory Note and Vision Bank's demand for such payment. (Doc. 19-2 at 2, ¶ 4). As of July 15, 2011, the date upon which Vision Bank made its motion for partial summary judgment, the balance owed under the Promissory Note was $468,990.05, consisting of $398,435.67 of principal, $26,460 in accrued/unpaid interest, $36,509.43 of default interest, late charges in the amount of $546.09, and $7,038.86 for other charges/fees. (Id., ¶ 5). Interest continues to accrue at the rate of $35.97 per diem. (Id.).

**IV.    Analysis**

    A.    Governing Law

"[A] federal court in a diversity case is required to apply the laws, including principles of conflict of laws, of the state in which the federal court sits." Manuel v. Convergys Corp., 430 F.3d 1132, 1139 (11th Cir. 2005) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941)). Alabama courts hold that contract claims are governed by the laws of the state where the contract was made, unless the contracting parties chose a particular state's laws to govern their agreement. Cherry, Bekaert & Holland v. Brown, 582 So. 2d 502, 506 (Ala. 1991). Whereas the Promissory Note was executed in Alabama and expressly declares that it "shall be governed by the laws of the State of Alabama," (Doc. 5-1 at 3, ¶ 8), the Court will apply Alabama law to Vision

Bank's contract-based counterclaim.

B. Breach of Contract

Under Alabama law, the essential elements of a cause of action for breach of contract are the existence of a valid contract binding the parties; plaintiff's performance under the contract; defendant's nonperformance; and damages. See, e.g., Jones v. Alfa Mut. Ins. Co., 875 So. 2d 1189, 1195 (Ala. 2003). Helton challenges only the first of the four elements, the existence of a valid contract, arguing that the Promissory Note was unsupported by true consideration and was executed under coercion and duress. Helton's arguments are without merit.

1. Consideration

Helton claims that he received nothing from Vision Bank in exchange for execution of the Promissory Note. (Doc. 21 at 6). The Court disagrees. As Vision Bank correctly notes in its papers, forbearance from suit has long been recognized by Alabama courts as valid consideration supporting a contract. See Pretl v. Ford, 723 So. 2d 1, 5 (Ala. 1998). Though Vision Bank could have sued Helton for failing to honor his personal guaranty on the 2004 loans, it chose not to. Instead, Vision Bank negotiated a new agreement with Helton, the terms of which are expressed by the Promissory Note. Vision Bank's decision not to sue Helton in 2008 is fair and valuable consideration to support that agreement.

Nonetheless, Helton suggests that consideration was lacking because, in executing the Promissory Note, he merely undertook to do something that he was already obligated to do: make good on his existing debt to Vision Bank. In support of this argument, Helton cites a decision of the Court of Civil Appeals of Alabama that referenced the "established principle that the doing or undertaking to do that which one is already under a legal obligation to do by his contract is no consideration for a secondary, subsequent contract." (Doc. 21 at 5 (quoting Griffin v. Hardon, 456

5

So. 2d 1113 (Ala. Civ. App. 1984)). But Helton ignores that the consideration for the Promissory Note was provided by Vision Bank, which was under no obligation to forgo an immediate suit for specific performance of the personal guaranty. Furthermore, the Alabama Supreme Court has considered and expressly rejected the very argument that Helton advances, holding that forbearance by a creditor is adequate consideration for a second agreement to pay a balance due and owing without anything more being required of the debtor:

> We recognize that a mere promise to pay an antecedent debt is not generally regarded as consideration. We also recognize, however, the following principles:
>
> An extension of the time of payment of an obligation constitutes in legal effect a forbearance to sue and . . . is a sufficient consideration for a guaranty of the obligation. Any delay is a detriment or inconvenience to the creditor or obligee and also a benefit to the debtor in that he is afforded further opportunity to meet the obligation, and to support the promise of the guarantor, a consideration moving to him need not be established.

Grant v. Southtrust Bank of Baldwin Cnty., 512 So. 2d 914, 916 (Ala. 1987) (internal citation omitted).

   2.   Duress

Helton claims that the Promissory Note is unenforceable because it was executed under economic duress and as the result of coercion. (Doc. 21 at 7-9). To establish economic duress, Helton must show "'(1) wrongful acts or threats; (2) financial distress caused by the wrongful acts or threats; and (3) the absence of any reasonable alternative to the terms presented by the wrongdoer." Newburn v. Dobbs Mobile Bay, Inc., 657 So. 2d 849, 852 (Ala. 1995). This he cannot do. The "wrongful act" prong is not satisfied unless the victim has acted in response to unlawful or unconscionable pressure. Id. Here, Helton's claim fails at the outset because, to the extent that Helton felt compelled to execute the Promissory Note lest he be sued, such pressure was neither unlawful nor unconscionable. Alabama courts have consistently recognized "'the well-settled

6

general rule that it is not duress to institute or threaten to institute civil suits, or take proceedings in court, or for any person to declare that he intends to use the courts wherein to insist upon what he believes to be his legal rights.'" Choksi v. Shah, 8 So. 3d 288, 293 (Ala. 2008) (quoting Neuberger v. Preferred Acc. Ins. Co. of N.Y., 89 So. 90, 92 (Ala. Ct. App. 1921)). Indeed, Alabama courts have gone so far as to declare that "[i]t is *never* duress" to threaten a resort to legal proceedings to collect on a valid debt. Id. (emphasis added).

Whereas the Promissory Note was supported by consideration, and whereas Helton's execution was not obtained by duress or coercion, the Court finds that a valid contract did exist between the parties. In the absence of any disputes as to Vision Bank's performance under the contract, Helton's breach, and resulting damages, Vision Bank is entitled to summary judgment on its breach of contract counterclaim.

**V.     Conclusion**

Accordingly, it is **ORDERED** that Vision Bank's Motion for Partial Summary Judgment (Doc. 19) is **GRANTED** as to Count One of its Counterclaim against Plaintiff/Counterclaim-Defendant J. Philip Helton.[2]

**DONE** and **ORDERED** this the **25th** day of **August 2011.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[2] The Court declines Vision Bank's invitation to enter a partial final judgment before attorneys' fees and related costs are calculated. See Doc. 19 at 1 n.1. Accordingly, Vision Bank is **ORDERED** to file and serve, on or before **August 29, 2011**, whatever materials it deems necessary and appropriate to support its claim for costs and fees. Helton is **ORDERED** to file and serve any response on or before **September 6, 2011**, at which time the Court will take under submission the issue of costs and fees.