# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| J. PHILIP HELTON, <br>     Plaintiff/Counterclaim-Defendant, <br><br> and <br><br> J. PHILIP HELTON REAL ESTATE AND <br> DEVELOPMENT, INC., <br>     Plaintiff, <br><br> v. <br><br> VISION BANK, <br>     Defendant/Counterclaim-Plaintiff. | CIVIL ACTION NO. 10-00563-KD-N |

## ORDER

This matter is before the Court on that portion of Defendant/Counterclaim-Plaintiff Vision Bank's Motion for Partial Summary Judgment (Doc. 19) that seeks recovery of attorneys' fees and costs. On August 25, 2011, the Court issued an Amended Order granting Vision Bank's partial summary judgment motion as to liability. (Doc. 29). In the same Amended Order, the Court provided Vision Bank an opportunity to file and serve "whatever materials it deems necessary and appropriate to support its claim for costs and fees" and stated that the issue of costs and fees would be taken under submission on September 6, 2011. (Id. at 8 n.2).

Instead of submitting to the Court any of its attorneys' billing records, invoices, or itemized statements, Vision Bank filed a two-paragraph affidavit of Frederick G. Helmsing, Jr., one of Vision Bank's attorneys of record in this case, that states only that Vision Bank has incurred costs and fees of $10,624 and that those costs and fees are reasonable. (Doc. 30-1 at 1, ¶ 2). No detail whatsoever is provided as to the rates charged for legal work on this case, the number of hours expended, or the tasks performed. Vision Bank's conclusory submission makes it impossible for the court to

1

determine whether $10,624 represents "reasonable actual attorneys' fees and costs" as expressed within the ambit of Plaintiff/Counterclaim-Defendant J. Philip Helton's promissory note. (Doc. 5-1 at 2, ¶ 6). See PNCEF, LLC v. Hendricks Bldg. Supply LLC, 740 F. Supp. 2d 1287, 1294 (S.D. Ala. 2010) (holding that district court must determine actual fee incurred by prevailing party in enforcing its rights and ascertain whether that fee is reasonable).

In accordance with the foregoing, it is **ORDERED** that Vision Bank's request for attorneys' fees and costs is **DISALLOWED**. Judgment shall be entered by separate document as provided in Rule 58 of the Federal Rules of Civil Procedure.

**DONE** and **ORDERED** this the **8th** day of **September 2011.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**