# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| J. PHILIP HELTON, et al., ) | |
|    Plaintiffs/Counter Defendant, ) | |
| ) | |
| v. ) | CIVIL ACTION 1:10-00563-KD-N |
| ) | |
| SE PROPERTY HOLDINGS, LLC, ) | |
|    Defendant/Counter Claimant. ) | |

## ORDER

This matter is before the Court on non-party Radiance Capital Receivables Twelve, LLC's Motion for Substitution of Parties. (Doc. 63).

This case arises out of a Promissory Note Plaintiff J. Philip Helton ("Helton") executed in favor of Vision Bank ("Vision Bank"). Specifically, per the Order on summary judgment:

> ...on March 20, 2008, Helton executed a Promissory Note (dated March 19, 2008) in the amount of $436,000 in favor of Vision Bank... The Promissory Note provides that it is governed by the laws of the State of Alabama, that failure to pay is an occurrence of Default, and that Vision Bank is entitled to collection costs and attorney's fees arising out of a Default.....Helton defaulted under the Promissory Note by failing to make scheduled payments pursuant to same. .. Vision Bank made demand on Helton for payment of the Promissory Note, however, Helton has failed to pay the amounts due. (Id.)
>
> Helton sued Vision Bank on September 13, 2010 civil action in the Circuit Court of Baldwin County, Alabama (CV-2010-901692), seeking a declaratory judgment that the Promissory Note is unenforceable. On October 14, 2010, Vision Bank removed the case to this Court....On October 21, 2010, Vision Bank filed its answer and simultaneously asserted a Counterclaim against Helton for breach of contract (Count One)....On August 11, 2001, per the parties' joint stipulation, Plaintiffs' declaratory judgment claim against Vision Bank was dismissed with prejudice... As of July 15, 2011, the balance owed under the Promissory Note was **$468,990.05** (consisting of $398,435.67 for the principal, $26,460 for accrued/unpaid interest, $36,509.43 for default interest, $546.09 for late charges and $7,038.86 for other charges/fees), with interest continuing to accrue under the Promissory Note at the rate of $35.97 per diem.

(Doc. 29). On September 8, 2011, final judgment issued in favor of Vision Bank and against Helton. (Doc. 32). On December 6, 2011, Vision Bank moved to enforce the judgment, which was granted, and post-judgment proceedings commenced. (Docs. 35, 37, 38). On April 16, 2012, Vision Bank moved to substitute SE Property Holdings, LLC for itself, and the motion was granted. (Docs. 39, 40). On May 31, 2012, Vision Bank was terminated from this case and SE Property Holdings, LLC was added as the plaintiff. On January 29, 2020, non-party Radiance Capital Receivables Twelve, LLC's moved to substitute itself for SE Property Holdings, LLC, as the named plaintiff on the basis of a transfer of interest, per Fed. R.Civ.P. Rule 25. (Doc. 63).

As explained in Vision Bank v. Algernon Land Co., L.L.C., 2012 WL 827011, *1-3 (S.D. Ala. Mar. 12, 2012):

> Rule 25 of the Federal Rules of Civil Procedure provides, in part:
>
>> (c) Transfer of Interest. If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party. The motion must be served as provided in Rule 25(a)(3).
>
> Fed.R.Civ.P. 25(c). "A 'transfer of interest' in a corporate context occurs when one corporation becomes the successor to another by merger or other acquisition of the interest the original corporate party had in the lawsuit." Luxliner P.L. Export Co., 13 F.3d 69, 71 (3rd Cir.1993), citing Froning's, Inc. v. Johnston Feed Service, Inc., 568 F.2d 108, 110 (8th Cir.1978)(assignment of claims); DeVilliers v. Atlas Corp., 360 F.2d 292, 297 (10th Cir.1966)(merger); Hazeltine Corp. v. Kirkpatrick, 165 F.2d 683, 685–86 (3rd Cir.1948)(transfer of patents).
>
> The Court may, within its discretion, permit the substitution of parties pursuant to Rule 25(c) of the Federal Rules of Civil Procedure even after judgment is entered where substitution is necessary for enforcement of the judgment. Luxliner, 13 F.3d at 71 ("substitution has been upheld even after litigation has ended"). *See also,* Bamerilease Capital Corp. v. Nearburg, 958 F.2d 150, 153–54 (6th Cir.1992)(affirming substitution in the context of proceeding to enforce a settlement agreement); Explosives Corporation of America, 817 F.2d 894, 905 (1st Cir.1987)("[t]he underlying legal principle that a participating nonparty is bound by the judgment does not, however, depend on the procedural stance of the case ... this should not preclude substitution after judgment has

2

been rendered ..." (citations omitted)); *Arnold Graphics Industries, Inc. v. Independent Agent Center, Inc.,* 775 F.2d 38, 40 (2nd Cir.1985)(affirming substitution of successor after entry of judgment); *Air Line Pilots Ass'n v. Texas Int'l Airlines,* 567 F.Supp. 78, 81 (S.D.Tex.1983)(where necessary for enforcement of a judgment, court can substitute party even after the judgment); *Levin v. Garfinkle,* 514 F.Supp. 1160, 1163 (E.D.Pa.1981)("Rule 25(c) can be employed after entry of judgment....")

"[I]t is well established that under Rule 25(c) a court can substitute parties, even after judgment, where substitution of a party is necessary for enforcement of the judgment." *Greater Potater Harborplace, Inc. v. Jenkins,* 935 F.2d 267 (4th Cir.1991) *citing Panther Pumps & Equip. Co. v. Hydrocraft, Inc.,* 566 F.2d 8 (7th Cir.1977); *Air Line Pilots Ass'n v. Texan Int'l Airlines,* 567 F.Supp. 78, 81 (S.D.Tex.1983); 3B Moore's Federal Practice ¶ 25.03[1], at 25–27 (2d ed.1990). In *Air Line Pilots Ass'n v. Texas Int'l Airlines,* the district court opined, in part:

> Rule 25(c), Fed.R.Civ.P., has application only to actions "pending" in the district courts. Nevertheless, substitution after judgment may be rendered in the district court, among other things, for the purpose of subsequent proceedings to enforce a judgment. *Panther Pumps & Equipment Co., Inc. v. Hydrocraft, Inc.,* 566 F.2d 8 (7th Cir.), *cert. denied,* 435 U.S. 1013, 98 S. Ct. 1887, 56 L.Ed.2d 395 (1977). "Thus, it would seem that substitution pursuant to Rule 25 would be proper where, by motion, a judgment is sought to be enforced, ... and substitution of a party is necessary." 3B J. Moore, Moore's Federal Practice ¶ 25.03[1] at 25–28 (2d ed.1982). Therefore, to the extent that substitution is sought for the purpose of enforcing the Court's judgment (i.e., to enable the UFA to appear before the System Board of Adjustment) the motion to substitute the UFA for the AFA is granted.

567 F.Supp. at 81. In a more recent case, a district court from the Northern District of Texas opined:

> "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945). In the present case, a final judgment had already been rendered when the Court granted Cadle's Motion to Substitute. "Substitution is appropriate after judgment for the purpose of subsequent proceedings to enforce the judgment." 6 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 25.35[1] (—ed.2007); *see also Air Line Pilots Ass'n Int'l v. Tex. Int'l Airlines, Inc.,* 567 F.Supp. 78, 81 (S.D.Tex.1983) (*citing Panther Pumps & Equip. Co. v. Hydrocraft, Inc.,* 566 F.2d 8, 23 (7th Cir.1977)). "[M]ost post judgment orders are final decisions ... as long as the district court has completely disposed of the matter." *United States v. Steward,* 452 F.3d 266, 272 (3rd Cir.2006) (*quoting Ohntrup v. Firearms Ctr., Inc.,* 802 F.2d 676, 678 (3rd Cir.1986)) (internal quotation marks omitted).

*F.D.I.C. v. Neubauer,* 2007 WL 2350892, *3 (N.D.Tex., August 17, 2007). *See also, In re J.A.R. Barge Lines, L.P.,* 2007 WL 1451282, *6 (W.D.Pa., May 15, 2007)("When a defendant corporation has merged with another corporation, ... the case may be continued against the original defendant and the judgment will be binding on the successor even if the successor is not named in the lawsuit [and][s]uch a substitution has been upheld 'even after litigation has ended as long as the transfer of interest occurred during the pendency of the case'."), *quoting Luxliner,* 13 F.3d at 71.

The evidence submitted with the motion to substitute SE Property ... establishes that Plaintiff Vision Bank has transferred all interest in this action to SE Property...

The motion attaches the Bill of Sale, confirming the transfer of interests as alleged (Doc. 63-1), and the Court is satisfied as to the grounds for Rule 25 substitution per the representations of counsel. Upon consideration, and in the Court's discretion provided for under Rule 25, Radiance Capital Receivables Twelve, LLC's motion to substitute itself as the Plaintiff in this case, in place of SE Property Holdings, LLC is **GRANTED.**

The Clerk is **DIRECTED** to correct to docket to reflect this change.

**DONE** and **ORDERED** this the **10th** day of **February 2020.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**